**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| DANA BOWMAN, individually, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 1:13-cv-796 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| BDS Gatekeeper, LLC d/b/a Microtel Inn & | § | **JURY TRIAL DEMANDED** |
| Suites by Wyndham | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Comes now Dana Bowman, ("Plaintiff") alleges as follows:

### I.
### INTRODUCTION

1.      Plaintiff Dana Bowman brings this action against BDS Gatekeeper, LLC d/b/a Microtel Inn & Suites by Wyndham ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations; the Texas Human Resource Code, Tex. Hum. Res. Code Ann. § 121.001 et seq. (the "THRC"); and the Texas Architectural Barrier Act, Tex. Gov't Code Ch. 469 (previously Texas Revised Civil Statutes, Article 9102 et seq.) (the "TABA").

2.      Plaintiff is a disabled veteran. He brings this civil rights action against Defendant for failing to design, construct, and/or own or operate hotel facilities that are fully accessible to, and independently usable by, disabled people.  Specifically, Defendant's hotel, which is a place of public accommodation, has barriers to use of the pool. Defendant's pool does not have a fixed lift or other acceptable means of entry for disabled persons, notwithstanding that such modifications are readily

achievable. Therefore, Plaintiff seeks a declaration that Defendant's hotel violates federal law and an injunction requiring Defendant to install fixed pool lifts or other means of access in compliance with ADA requirements so that the pool is fully accessible to, and independently usable by, disabled individuals. Plaintiff also seeks statutory damages as permitted by Texas law. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA, the THRC and the TABA, and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## II.
## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

4.      This Court has supplemental jurisdiction over the state laws claims asserted herein pursuant to 28 U.S.C. § 1367(a).

5.      Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6.      Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## III.
## PARTIES

7.      Plaintiff, Dana Bowman, is and, at all times relevant hereto, was a resident of the State of Texas.  Plaintiff is and, at all times relevant hereto, has been legally disabled and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2); the regulations implementing the ADA set

forth at 28 CFR §§ 36.101 *et seq.*; the THRC, Tex. Hum. Res. Code Ann. § 121.002(4); and, the TABA, Tex. Gov't Code, Sec. 469.002(4).

8.      Mr. Bowman is a retired Sergeant First Class in the United States Army. He was a Special Forces Soldier and a member of the U.S. Army's elite parachute team, the Golden Knights. While on active duty with the Golden Knights, Plaintiff lost both of his legs.  Following this tragic accident, Mr. Bowman re-enlisted and continued to parachute. Mr. Bowman is a frequent speaker and advocate for disabled veterans.

9.      Defendant, BDS Gatekeeper, LLC d/b/a Microtel Inn & Suites by Wyndham is located at 1259 Loop 337, New Braunfels, Texas 78130-7120, and may be served with process through its registered agent Boatner & Hamad, P.C., 26605 Bulverde Rd., San Antonio, Texas  78260. Defendant owns and operates a hotel located at 7705 Metro Center Drive, Austin, Texas 78744 (the "Hotel") which is a public accommodation pursuant to 42 U.S.C. 12181(7)(A) and public facility pursuant to Tex. Hum. Res. Code Ann. § 121.002(5) which offers public lodging services.

## IV.
## THE ADA AND ITS IMPLEMENTING REGULATIONS

10.     On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

11.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

12.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

13.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

14.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

15.     In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

16.     In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

17.     The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

18.     On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

19.     On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

20.     The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards").  The DOJ published the

Final Rule detailing the 2010 Standards on September 15, 2010.  The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.[1]

21.     Notably, the lodging industry requested and received a number of extensions of time before the mandatory requirements of Section 242.2 of the 2010 Standards, concerning access to pools, became effective. Notwithstanding, the industry remains largely noncompliant with the requirements.

**V.**
**THE TEXAS ARCHITECTURAL BARRIER ACT**
**AND THE TEXAS ACCESSIBILITY STANDARDS**

22.     Texas passed the Texas Architectural Barrier Act in an effort "to further the policy of this state to encourage and promote the rehabilitation of persons with disabilities and to eliminate, to the extent possible, unnecessary barriers encountered by persons with disabilities whose ability to…achieve maximum personal independence is needlessly restricted." Tex. Gov't Code, Sec. 469.001.

23.     Under the TABA, the Texas Commission of Licensing and Regulation (the "Commission") was charged with the task of adopting "standards, specifications, and other rules…that are consistent with standards, specifications, and other rules adopted under federal law." Tex. Gov't Code, Sec. 469.052.

24.     The Texas Accessibility Standards (the "TAS"), adopted under the TABA, apply to, *inter alia*, "a privately funded building or facility that is defined as a 'public accommodation' by §301, Americans with Disabilities Act of 1990 (42 U.S.C. §12181), and its subsequent amendments…" Tex. Gov't Code, Sec. 469.003(4).

25.     The Commission, in their November 2011 meeting, approved the 2012 TAS with an effective date of March 15, 2012.

---

[1] Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for existing pools to comply did not become effective until January 31, 2013, at which time the 2010 Standards became

26.     Section 242 of the TAS mirrors the requirements of Section 242 of the ADA. Section 242.2 of the TAS requires swimming pools with less than 300 linear feet of swimming pool walls to have either a pool lift complying with 1009.2 or a sloped entry complying with 1009.3. Similarly, pools with more than 300 linear feet of pool wall must have two compliant means of entry. Spas must have a means of entry complying with 1009.2, 1009.4 or 1009.5.

27.     All references to the 2010 Standards in this Complaint are intended to incorporate the parallel requirements of the 2012 TAS.

## VI.
## FACTUAL BACKGROUND

28.     Plaintiff had a business engagement in the Austin area.  Prior to the trip, Plaintiff contacted Defendant's hotel for purposes of booking a room. Plaintiff inquired whether Defendant's hotel pool had a lift or other means of access for disabled persons such as Plaintiff. Defendant's representative stated that the hotel pool did not have a lift or other means of access. Plaintiff independently verified the absence of a pool lift at the Hotel.

29.     Plaintiff intends to travel to the Austin area in the future for business trips and stay at hotels in the Austin area.

30.     The existence of barriers to use the pool at Defendant's hotel deterred Plaintiff from staying at Defendant's hotel. Upon information and belief, other disabled persons were deterred from staying there or otherwise precluded from using the pool as guests due to the absence of pool lifts.

31.     As a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without disabilities, cannot independently use Defendant's pool.

enforceable through civil actions by private plaintiffs.

32.     In violation of Section 242.2 of the 2010 ADA Standards and the TAS, Defendant's pool does not have at least one accessible means of entry complying with Sections 1009.2 or 1009.3.

33.     Plaintiff has a number of clients in the Austin area and travels there for business regularly and stays in hotels there. But for the presence of architectural barriers at Defendant's hotel, Plaintiff would consider staying at the hotel.

34.     Upon information and belief, though Defendant has centralized policies regarding the management and operation of its hotel, Defendant does not have a plan or policy that is reasonably calculated to make all of its hotel fully accessible to and independently usable by, disabled people.

35.     Plaintiff verified that Defendant's hotel lacks the mandatory elements required by the 2010 Standards and the TAS to make the pools fully accessible to and independently usable by disabled people.

36.     As a disabled veteran, Plaintiff has a keen interest in whether public accommodations that offer public lodging services are fully accessible to, and independently usable by, the disabled, specifically including an interest in ensuring that pools and spas possess all of the features required by the 2010 Standards and the TAS.

37.     Plaintiff, or an agent of Plaintiff, intends to return to Defendant's hotel to ascertain whether it remains in violation of the ADA and the TAS.

38.     Plaintiff and other disabled persons have been injured by Defendants' discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's facilities due to the inaccessibility of Defendants' pool and the denial of the opportunity to use said pool.

39.     Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel pool in violation of his rights under the ADA and the TAS.[2]

**VII.**
**FIRST CAUSE OF ACTION**
**For Violation Of The ADA, 42 U.S.C. § 12101 et seq.**

40.     The allegations contained in the previous paragraphs are incorporated by reference.

41.     Defendant has discriminated against Plaintiff and others  in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and Section 242.2 of the 2010 Standards, as described above.

42.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and Section 242 of the 2010 Standards, as described above.  Compliance with the requirements of Section 242.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

43.     In violation of Section 242.2 of the 2010 ADA Standards, Defendant's pool does not have at least one accessible means of entry complying with Sections 1009.2 or 1009.3.

44.     **Pursuant to Section 44 of the IRS Code, Defendant may be able to obtain a tax credit and tax deduction where it complies with the ADA.[3] The tax credit is available to businesses that have total**

---

[2] Plaintiff, or an agent of Plaintiff, intends to visit Defendant's hotels periodically to monitor whether Defendant is in compliance with the ADA's requirements calculated to confirm that pools are fully accessible to, and independently usable by, disabled people.

[3] *See generally* Dep't of Justice, *Questions and Answers: Accessibility Requirements for Existing Swimming Pools at Hotels and Other Public Accommodations* (Mar. 1, 2013), *at* http://www.ada.gov/qa_existingpools_titleIII.htm.

revenues of $1,000,000 or less in the previous tax year or 30 or fewer full-time employees. This credit can cover 50% of the eligible access expenditures in a year up to $10,250 (maximum credit of $5000). The tax credit can be used to offset the cost of undertaking barrier removal and alterations to improve accessibility. The tax deduction is available to all businesses with a maximum deduction of $15,000 per year. The tax deduction can be claimed for expenses incurred in barrier removal and alterations.[4]

45.     Compliance with  42 U.S.C. § 12182(b)(2)(A)(iv) and Section 242 of the 2010 Standards, as described above, is readily achievable by the Defendant due to the low costs of installing a fixed pool lift or lifts.[5]

46.     Defendant's conduct is ongoing, and, given that Defendant has never complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

47.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its hotel pools be fully accessible to, and independently usable, by disabled people is likely to recur.

## VIII.
## SECOND CAUSE OF ACTION
## For Violation Of The THRC, Tex. Hum. Res. Code Ann. §121.001 *et seq.*

48.     The allegations contained in the previous paragraphs are incorporated by reference.

---

[4] *Id*.
[5] *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

49.     "Public facilities includes…any other place of public accommodation, amusement, convenience, or resort to which the general public or any classification of persons from the general public is regularly, normally, or customarily invited." Tex. Hum. Res. Code Ann. § 121.002(5).

50.     Defendant owns or operates a public facility as defined in § 121.002(5).

51.     The THRC states "[p]ersons with disabilities have the same right as the able-bodied to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code Ann. § 121.003(a).

52.     "The discrimination prohibited by [the THRC] includes…a failure to…comply with Article 9102, Revised Statutes."[6]  Tex. Hum. Res. Code Ann. § 121.003(d)(1). Thus, a violation of the TABA – and the 2012 TAS requirements adopted under the TABA – is a violation of the Tex. Hum. Res. Code § 121.003(d)(1).

53.     In addition, the failure to "provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility" results in discrimination violative of the Tex. Hum. Res. Code Ann. § 121.003(d)(3).

54.     Defendant has discriminated against Plaintiff in that it has denied individuals who are disabled the full use and enjoyment of its lodging services in violation of the THRC and the 2012 TAS.

55.     Defendant has discriminated against Plaintiff in that it has failed to provide architectural modifications to allow the full use and enjoyment of its lodging services by individuals who are disabled in violation of the THRC and the 2012 TAS.

56.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

---

[6] As noted above, Article 9102 has been recodified as Chapter 469 of the Texas Government Code.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a.      A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA and the TAS, in that Defendant took no action that was reasonably calculated to ensure that all of its pool was fully accessible to, and independently usable by, disabled individuals;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to brings its pool into full compliance with the requirements set forth in the ADA, and its implementing regulations, and the requirements of the THRC and the TAS so that the pool is fully accessible to, and independently usable by, disabled individuals, specifically including a pool lift as required by Sections 242.2 and 1009.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its pool is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.      An award to Plaintiff of at least $100.00 for violation of his civil liberties as provided for under Tex. Hum. Res. Code § 121.004(b);

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity; and,

f.      The provision of whatever other relief the Court deems just, equitable and appropriate.

**X.**
**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  September 10, 2013                    Respectfully Submitted,

TRAVIS & CALHOUN, P.C.

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Texas Bar No. 03638800
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
Tel: 972.934.4100
Fax: 972.934.4101
eric@travislaw.com
**ATTORNEYS FOR PLAINTIFF**